**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Jose Luis Angeles Martinez,

     *Petitioner,*

  v.

Luis Soto, *et al.,*

     *Respondents.*

Civil Action No. 26-cv-02031

**ORDER**

April 9, 2026

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Jose Luis Angeles Martinez ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention (ECF No. 1); and

**WHEREAS,** Petitioner contends that Respondents are unlawfully detaining him without the possibility of bond pursuant to a categorical determination of ineligibility under 8 U.S.C. § 1225(b), relying on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), thereby depriving him of any opportunity for a custody redetermination (ECF No. 1 ¶¶ 39–44); and

**WHEREAS,** Petitioner is a citizen of Mexico who entered the United States without inspection in or about May 2000 at approximately fifteen years of age, and has resided in New Jersey since that time (*id.* ¶¶ 1–2; Ex. A); and

**WHEREAS,** Petitioner represents that he has no criminal history and has lived in the United States for over two decades, during which time he has established family ties, including U.S. citizen children and a U.S. citizen spouse (*id.* ¶ 2); and

**WHEREAS,** Petitioner was first detained by Immigration and Customs Enforcement

("ICE") in July 2012, issued a Notice to Appear, and subsequently released on recognizance after ICE determined he was eligible for release (*id.* ¶ 3; Exs. C, D); and

**WHEREAS**, following his release, Petitioner complied with ICE supervision requirements and his removal proceedings were administratively closed in August 2021 to allow him to pursue adjustment of status based on an approved Form I-130 petition filed by his U.S. citizen spouse (*id.* ¶ 4; Exs. H, I); and

**WHEREAS**, in or about January 2026, Petitioner was arrested by ICE at his residence without prior notice revoking his release and has remained detained at Delaney Hall Detention Facility in Newark, New Jersey since that time (*id.* ¶ 5; ECF No. 4 at 2); and

**WHEREAS**, Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) as an "applicant for admission," relying on *Matter of Yajure Hurtado* and similar arguments advanced in prior cases in this District (ECF No. 4 at 2); and

**WHEREAS**, Respondents acknowledge that their position mirrors arguments previously rejected by numerous courts in this District addressing § 1225(b)(2) detention[1] (*id.* at 1); and

**WHEREAS**, Petitioner, in reply, disputes factual assertions underlying his prior arrest history and provides documentation indicating that no record exists of the alleged contempt charge referenced in Respondents' Form I-213 (ECF No. 7); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), the Response (ECF No. 4), and the Reply (ECF No. 7), and resolves the matter on the existing record; and

---

[1] *See, e.g., Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar*, No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons*, No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas*, No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025).

2

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, ____ F. Supp. 3d _____, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel*, 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for

3

authority later. *See, e.g., Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

**IT IS,** on this 9th day of April 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner **WITHIN 24 HOURS** of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court

may take further action as appropriate; and it is further

ORDERED that the Clerk of the Court shall CLOSE this case.

**Hon. Karen M. Williams,**
**United States District Judge**

5